COUCH v. NEW YORK CITY RY. CO. SULLIVAN v. SAME. HECKMAN v. SAME.

(Supreme Court, Appellate Term. June 16, 1905.)

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

In an action for injuries to plaintiff in a collision between defendant's street car and a vehicle in which plaintiff was riding, held, that the facts did not show plaintiff to have been free from negligence.

2. COURTS—JURISDICTION—APPEAL.

By the express provisions of Municipal Court Act, § 326 (Laws 1902, p. 1583, c. 580), the appellate court on appeal is enjoined to render judgment according to the justice of the case, and authorized to reverse in whole or in part for errors of law or fact.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Richard J. Couch against the New York City Railway Company, and separate actions by Lucy A. Couch, Mary Sullivan, and Charles Heckman against the same defendant. From judgments in favor of plaintiffs in the actions, defendant appeals. Affirmed except as to the judgment in favor of Richard J. Couch, which is reversed.

Argued before SCOTT, P. J., and LEVENTRITT and GREEN-BAUM, JJ.

William E. Weaver, for appellant.

Kneeland, La Fetra & Glaze (Stillman F. Kneeland, of counsel), for respondents.

SCOTT, P. J. Of these four actions three are for personal injuries and one for injuries to property occasioned by a collision between a surrey driven by Richard J. Couch and a car of the defendant. Richard J. Couch had hired the surrey with two horses attached, and was driving easterly through Eleventh street, and while crossing Sixth avenue the vehicle was struck by a north-bound car. There was ample evidence from which the trial justice was justified in finding that the defendant was guilty of negligence. The testimony also shows that Couch, the driver of the surrey, was equally blamable. He testifies that when he got to the corner of Sixth avenue he saw a north-bound car north of the corner at Tenth street coming at a very rapid rate of speed, that his team was going upon a trot, that he kept the car in sight all the time, that it did not slacken its speed, and that he continued to drive along until the car struck the hind wheel of the surrey. Of the witnesses called in his support all testified substantially, in effect, that when the horses were at the westerly house line of Sixth avenue the car was from 100 to 150 feet away, and approaching very rapidly. The distance from the westerly house line to the center of the northerly track was from 40 to 45 feet. Taking the whole testimony most favorable to the plaintiff, the conclusion is inevitable that the plaintiff attempted to cross the avenue in front of and in full view of a rapidly approaching car at a time when the chance of reaching a zone of safety was exceedingly slight, and that by proceeding on his course he deliberately incurred a risk that the slightest degree of care on his part would have averted. In thus holding respecting the contributory negligence of the driver we are not to be understood as holding that such negligence appears as a matter of law. Section 326 of the Municipal Court act (Laws 1902, p. 1583, c. 580) grants to this court a very wide latitude in the disposition of appeals, and imposes a corresponding responsibility. We are enjoined to "render judgment according to the justice of the case," and are in words authorized to reverse in whole or in part for errors of law or of fact. All that we desire to be understood as holding in reversing the judgment in favor of Richard J. Couch is that upon the facts he does not appear to have been free from negligence.

As the negligence of Couch, the driver, cannot be imputed to the plaintiffs other than himself, the judgments in favor of Lucy A. Couch, Sullivan, and Heckman must be affirmed, with costs.

The judgment in favor of Richard J. Couch is reversed, and a new trial ordered, with costs to the appellant to abide the event.

LEVENTRITT, J., concurs. GREENBAUM, J., concurs in result.